UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER JONES,                    :

               Petitioner,     :

v.                                    :    Civil Action No. 13-0204 (RJL)

                       :

U.S. PAROLE COMMISSION,                :

               Respondent.     :

**FILED**

**SEP 2 5 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

September 23, 2013

This matter is before the Court on Christopher Jones' Petition for Writ of Habeas Corpus [ECF No. 1], the U.S. Parole Commission's Opposition to Petitioner's Petition for Writ of Habeas Corpus [ECF No. 8] and the U.S. Parole Commission's Supplemental Opposition to Petitioner's Petition for Writ of Habeas Corpus [ECF No. 14]. For the reasons discussed below, the petition will be denied.

## I. BACKGROUND

On April 5, 2002, in the Superior Court of the District of Columbia, petitioner was sentenced to four-year term of imprisonment followed by a three-year term of supervised release on his conviction for a Bail Reform Act offense. *See* U.S. Parole Commission's Opposition to

Petitioner's Petition for Writ of Habeas Corpus ("Resp't's Opp'n"), Ex. A (Judgment in a Criminal Case, *United States v. Jones*, No. F8225-01 (D.C. Super. Ct. Apr. 5, 2002)). In a separate matter, petitioner was sentenced to a 30-day term of imprisonment followed by a two-year term of supervised release on his conviction for distribution of cocaine. *Id.*, Ex. A (Judgment in a Criminal Case, *United States v. Jones*, No. F119-01 (D.C. Super. Ct. Nov. 22, 2002)). Petitioner's term of supervised release began on August 6, 2004. *Id.*, Ex. B (Certificate of Supervised Release).

The U.S. Parole Commission ("USPC") since has revoked supervised release on three occasions. *See id.*, Ex. K, P (respectively, Notices of Action dated April 11, 2006 and January 6, 2010); U.S. Parole Commission's Supplemental Opposition to Petitioner's Petition for Writ of Habeas Corpus ("Supplemental Opp'n"), Ex. B (Notice of Action dated May 23, 2013). Only the second and third revocations are relevant to this discussion.

Petitioner was arrested in the District of Columbia on August 1, 2008, for possession with intent to distribute cocaine (crack). *See* Resp't's Opp'n, Ex. M (Warrant Application dated November 3, 2008) at 1. This law violation (Charge No. 1) was the basis for the issuance of a warrant, *id.*, Ex. M (Warrant), which was executed on November 12, 2008, *id.*, Ex. N (United States Marshal's Return to United States Parole Commission). In the Superior Court, petitioner was found guilty of possession with intent to distribute cocaine (Count 2) and possession of drug paraphernalia (Count 3), and he was sentenced to a 30-month term of imprisonment followed by a five-year term of supervised release on Count 2, to be served consecutively to a 30-day term of imprisonment (with credit for time served) on Count 3. *Id.*, Ex. O (Judgment in a Criminal Case, *United States v. Jones*, No. 2008-CF2-17814 (D.C. Super. Ct. Aug. 21, 2009)). After a hearing on November 9, 2009, the USPC revoked supervised release and directed petitioner to serve an

additional term in custody. *Id.*, Ex. P (Notice of Action dated January 6, 2010) at 1. He began to serve his term of supervised release on October 6, 2011. *Id.*, Ex. R (Certificate of Supervised Release).

The third revocation came about after petitioner was sentenced on April 13, 2012, in the Circuit Court of the City of Alexandria, Virginia, to a three-year term of imprisonment followed by a three-year term of supervised release. *See id.*, Ex. T (Warrant Application dated April 26, 2012) at 2.[1] The USPC charged petitioner with two violations of the conditions of his supervised release: a law violation (Charge No. 1) arising from the criminal convictions in Alexandria, Virginia, and an administrative violation (Charge No. 2) arising from two positive drug tests (cocaine). *Id.* Accordingly, it issued a warrant on April 26, 2012, *id.*, Ex. T (Warrant), which was executed on September 20, 2012. *Id.*, Ex. U (United States Marshal's Return to United States Parole Commission).

Petitioner was eligible for an expedited revocation procedure pursuant to which he would accept responsibility for the violation behavior, waive his right to a revocation hearing, and serve an additional term in custody. *See generally id.*, Ex. W (Letter to Angela Haynes from the USPC dated December 12, 2012 and Expedited Revocation Proposal). On May 14, 2013, petitioner accepted the USPC's proposal, by which he expressly waived his right to a supervision revocation hearing. Supplemental Opp'n, Ex. A (Response to Expedited Revocation Proposal). Accordingly, the USPC issued the following decision:

---

[1]  Petitioner was charged with "one felony and three misdemeanors, to-wit: Eluding and Driving Under the Influence of Drugs and Hit and Run and Impeding." Resp't's Opp'n, Ex. S at 1. Although he was sentenced to a three-year term for Eluding, a six-month term each for Driving Under the Influence of Drugs, Hit and Run, and Impeding, for a total sentence of three years and 18 months, the Court suspended all but nine months of the sentence imposed for Eluding. *Id.*, Ex. S at 2.

The [USPC] has ordered the following action pursuant to your acceptance of the Expedited Revocation Proposal you signed on May 14, 2013:

Revoke the term of supervised release. You shall serve a new term of imprisonment of 24 month(s) from September 20, 2012, the date the warrant was executed. The [USPC] is not imposing an additional term of supervised release as part of the revocation decision for Docket No. F8225-01.

However, upon your release from custody, you will have a new 36-month term of supervised release as imposed by the DC Superior Court for Docket No. 2008-CF2-17814.

*Id.,* Ex. B (Notice of Action dated May 23, 2013) at 1.

## II. DISCUSSION

Petitioner alleges that, when he filed his petition on February 1, 2013, he had been held for "over one hundred twenty days" without having had a revocation hearing. Pet. at 4. Because USPC failed to conduct a timely hearing, he contends that his Fifth Amendment right to due process has been violated. *See id.* at 3-4. Ordinarily, a releasee's "institutional revocation hearing shall be held within 90 days of the retaking of the releasee on a supervised release violation warrant." 28 C.F.R. § 2.215(f). Under ordinary circumstances, petitioner's revocation hearing should have been held by December 20, 2012. "Here, the [USPC] acknowledges that due to an administrative oversight, the petitioner did not receive a timely revocation hearing." Resp't's Opp'n at 4.[2]

---

[2] Efforts had been made to designate petitioner to a Federal Bureau of Prisons facility "so that [he] may be given a revocation hearing by 12/20/12." Resp't's Opp'n, Ex. V (Letter to Designation and Sentence Computation Center from Ashley N. Marsh, Parole Clerk, USPC, dated October 17, 2012). The designation did not occur as planned, *see id.*, Ex. X (email to Deborah A. Miller from David Wynn dated April 8, 2013), and presumably for this reason petitioner did not receive the Expedited Revocation Proposal that had been prepared for him on December 14, 2012. *See id.*, Ex. W (Letter to Angela Haynes from USPC dated December 14, 2012, with attachments). The USPC sent the proposal again on April 8, 2013, and petitioner rejected it on the following day. *Id.*, Ex. Y-Z (respectively, Letter to Angela Haynes from USPC dated April 3, 2013, with attachments, and Response to Expedited Revocation Proposal dated April 9, 2013). Ultimately he accepted this same proposal. *See* Supplemental Opp'n, Ex. A.

An untimely revocation hearing "is not itself a valid ground for immediate release[;]" instead, a releasee's "remedy . . . is an action to compel a hearing." *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)). Habeas relief would be available "only . . . where a petitioner establishes that the [USPC's] delay in holding a revocation hearing was both unreasonable and prejudicial." *Sutherland*, 709 F.2d at 732. Here, the petitioner neither alleges nor demonstrates that the delay "prejudiced his defense at the revocation hearing." *Id.* at 733. "[T]he due process clause is violated only by a delay that is both unreasonable and prejudicial," *Vactor v. U.S. Parole Comm'n*, 815 F. Supp. 2d 81, 83 (D.D.C. 2011) (citations omitted), and this petitioner fails to make out a viable due process claim. *See Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11-12 (D.D.C. 2008) (where petitioner "presents no argument, compelling or otherwise, establishing that the delay in this case either was unreasonable or has prejudiced him in any way," he is not entitled to habeas relief for untimely probable cause and revocation hearings). Furthermore, since petitioner has agreed to the USPC's Expedited Revocation Proposal, his claim for a revocation hearing is now moot. *See Green v. Wainwright*, No. 11-1534, 2012 WL 260411, at *2 (D.D.C. Jan. 12, 2012) ("The petitioner's claim is now moot because he waived his right to these hearings by his acceptance of the expedited revocation proposal."); *Proctor v. Wainwright*, 828 F. Supp. 215, 217 (D.D.C. 2011) ("More importantly, petitioner waived his right to a revocation hearing by accepting the [USPC's] expedited revocation proposal, and thus his claim is rendered moot."); *Hill*, 750 F.

5

Supp. 2d at 106 (finding that "petitioner waived his right to a revocation hearing by accepting the expedited revocation proposal, rendering this action subject to dismissal as moot").

## III. CONCLUSION

Notwithstanding the USPC's acknowledgment of its failure to conduct a timely supervision revocation hearing, petitioner cannot establish that "[h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the habeas petition will be denied, and this action will be dismissed. An Order is issued separately.

RICHARD J. LEON
United States District Judge